**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MONTEY ALLEN LUCKEY, 435461,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-2032-M** |
| | ) | |
| **WILLIAM STEPHENS,**[1] **Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner was convicted of burglary of a habitation and aggravated sexual assault.  *State*

*of Texas v. Montey Allen Luckey*, Nos. F86-90972-VK and F86-90367-UK.  Petitioner was

sentenced to forty years in prison for each offense, to run concurrently.

Petitioner does not challenge his convictions.  Instead, he challenges the revocation of his

mandatory supervised release.  Petitioner argues he was not charged with any new offense, so

revocation of his supervised release was unlawful.  He also argues he is actually innocent of any

---

[1]Effective June 1, 2013, William Stephens replaced Rick Thaler as Director of TDCJ-CID.  Pursuant to Fed. R. Civ. P. 25(d), Stephens is automatically substituted as a party.

new offense.

On September 21, 2012, Respondent filed his answer arguing, *inter alia*, that the petition is time-barred.  On October 11, 2012, Petitioner filed a reply.  The Court finds the petition should be dismissed as barred by the statute of limitations.

## II.  Discussion

1.      **Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base is petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case.  The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

The Court determines that on the date of his revocation, October 16, 2007, Petitioner either knew of his claims, or could have known of his claims through the exercise of due diligence. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004) (finding that on date of parole revocation petitioner knew, or could have known through the exercise of due diligence, of the loss of street-time credits); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003) (same). Petitioner then had one year, or until October 16, 2008, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings or other collateral review. Petitioner filed four state habeas petitions challenging the revocation of his mandatory supervision. *Ex parte Luckey*, Nos. 19, 819-04, -05, -06, and -07. His first petition was filed on January 12, 2010. His petitions were therefore filed after the one-year AEDPA limitations expired on October 16, 2008. The state habeas petitions consequently did not toll the limitations period.

Petitioner argues his petition is timely because he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, No. 12-126, ___ U.S. ___, 2013 WL 2300806 at *3 (May 28, 2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at *11. Petitioner has failed to meet this high standard.

A Hearing Officer's decision to revoke a petitioner's mandatory supervised release requires only that there be "some evidence" in the record to support the decision. *Villareal v. U.S. Parole Com'n.*, 985 F.2d 835, 839 (5th Cir. 1993). A revocation proceeding is not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. at 471, 480 (1972). The burden of proof is by a preponderance of the evidence, a considerably lower standard than reasonable doubt which governs criminal trials. *Villareal*, 985 F.2d at 839.

In this case, the Hearing Officer determined Petitioner violated Rule 2 of the conditions of supervised release because he made a terrorist threat against his wife. (*Ex parte Luckey*, No.19,819-07 at 32.) In making his decision, the Hearing Officer relied on an affidavit from Petitioner's wife stating that Petitioner threatened to kill her and that she was in fear for her life. (*Id*. at 22, 25.) He also relied on Petitioner's testimony. (*Id*.) The Court finds there was at least some evidence in the record to support the Hearing Officer's decision. Petitioner has failed to show he is actually innocent of the terrorist threat. Petitioner's actual innocence claim therefore does not excuse him from complying with the AEDPA statute of limitations.

## 2.    Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

<u>**Findings, Conclusions and Recommendation**</u>
<u>**of the United States Magistrate Judge**</u>     Page -4-

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to

equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

    Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to

show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

    The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitations period.  *See* 28 U.S.C. §2244(d).

    Signed this 7th day of June,  2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).